# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | |
| TAM VAN NGUYEN, | |
| Defendant. | Case No. 3:14-cr-00063-SLG-DMS |

## ORDER RE MOTION TO SUPPRESS

Defendant Tam Van Nguyen filed a Motion to Suppress and Exclude Evidence at Trial at Docket 43. The motion has been fully briefed and a hearing on the motion was held on January 29 and 30, 2015. For the following reasons, the motion will be granted in part and denied in part.

## FACTUAL BACKGROUND

Unless otherwise noted, the following facts come from Officer Christopher Honan's affidavit in support of his application for a search warrant as well as a follow-up phone call between Officer Honan and Magistrate Judge Tina Teaford. Defendant Nguyen operates the Dutch Harbor Asia Store. On May 23, 2014, an informant (identified at the hearing as S. Wicke) agreed to assist the police by buying drugs from his source, Eric Joseph Roach. Based on his prior experiences with Roach, Wicke said that Roach would obtain the drugs from the Dutch Harbor Asia Store. On May 24, 2014, Wicke contacted Roach. The officers obtained a *Glass* warrant to listen to the conversation between Wicke and Roach. Roach told Wicke he could get "tar" (a common name for heroin) and Wicke gave Roach $200 of pre-recorded money. Roach then used Wicke's cell phone to call

his supplier. After the phone call, Roach took a taxi and headed toward the area of the Dutch Harbor Asia Store. Officers observed Roach going into the store. At the suppression hearing, Officer Honan stated that Roach exited and sat in front of the store with Nguyen. Then Roach got into a taxi to leave the area. At the suppression hearing, it was established that police surveillance of Roach was interrupted for a period of time. Soon after, Roach met with Wicke in Unalaska and gave him two small zip-lock bags with a brown hard substance, which Wicke turned over to the police. A field test resulted in a presumptive positive for heroin.

Police officers then seized the Dutch Harbor Asia Store. Sergeant William Sims was initially at the store; Officer Kevin Wood was at the store thereafter. Officer Wood testified at the suppression hearing that he was told by Sergeant Sims that nothing was to enter or leave the store. Officer Wood's report, written two weeks after the incident, stated that he was instructed to let no one enter or leave the store. At the suppression hearing, the officers explained that when they entered the store, Nguyen was holding his cell phone. The officers told Nguyen to put it down on the counter and Nguyen complied. The officers then conducted a pat-down search of Nguyen. A short time later, Sergeant Sims left the store then dialed the number that Roach had called using Wicke's phone prior to going to the Dutch Harbor Asia Store.[1] Nguyen's cell phone rang, confirming that it was the number Roach had dialed. At the suppression hearing, Officer Wood testified that, at some point thereafter, Nguyen asked if he could close a drawer below the cash

---

[1] Officer Wood testified at the suppression hearing that Nguyen was patted down within the first few minutes he was in the store and that Sergeant Sims dialed Nguyen's cell phone about 15 minutes after that.

3:14-cr-00063-SLG-DMS, *United States v. Nguyen*
Order re Motion to Suppress
Page 2 of 11

register and Officer Wood responded that he could not. Officer Wood testified that drugs were later found in the drawer after the search warrant was obtained.

About four hours later, Nguyen asked to use the restroom. Nguyen was told that he could either be observed while using the restroom or he could consent to a search prior to his use. Nguyen agreed to the search and the police discovered three bindles of cocaine on his person. Nguyen then allegedly said "I'm in big trouble, I don't want to go to jail," and "I'm dead."[2]

The police applied for a search warrant for the store supported by an affidavit sworn to by Officer Honan. The warrant application included older information about the Dutch Harbor Asia Store. At 9:08 PM on the night of May 24, 2014, Magistrate Judge Teaford called the Unalaska Department of Public Safety to speak with Officer Honan about the search warrant application.[3] Magistrate Judge Teaford inquired about the older information in Officer Honan's affidavit, observing that "it's just a background of that store over the 15 years, yes."[4] During the call, Officer Honan told the magistrate judge that he had observed Roach leave the store with a white plastic shopping bag, but when he later contacted the informant, the informant had the drugs in a Ziploc bag in his pocket. Officer Honan stated that he didn't know if Roach had had the drugs before he went into the

---

[2] Docket 82 (Opp'n) at 4.

[3] While Magistrate Judge Teaford did not administer an oath to Officer Honan on this call, defendant indicated at the suppression hearing that that is no longer a basis relied upon by Nguyen in his motion to suppress. *See* note 10, *infra*.

[4] Docket 43-3 (Warrant Transcript) at 3.

3:14-cr-00063-SLG-DMS, *United States v. Nguyen*
Order re Motion to Suppress
Page 3 of 11

store. The magistrate judge then stated ". . . that's where maybe this history comes in."[5] During the call, the magistrate judge stated "so the Dutch Harbor Asia store – and this is also the same location that you've now for about close to 15 years had ongoing controlled buys . . . ."[6] Officer Honan did not correct Magistrate Judge Teaford's expressed understanding that there had been "ongoing controlled buys" for nearly 15 years. The magistrate judge found that there was probable cause to issue a search warrant for the premises, which was faxed to Unalaska at 9:58 PM. The warrant authorized a search of the Dutch Harbor Asia Store premises and an adjacent storage unit for illegal controlled substances and paraphernalia, as well as the seizure of financial documentation, electronic devices used for storing and/or sending information, and currency or notes located during the search that may be profits from illegal drug trafficking.[7] Nguyen's motion seeks to "suppress all evidence obtained from [the warrant for Nguyen's store] and subsequent warrants based on the same[,] . . . evidence found at the Asia [Store], evidence found on the body of Nguyen, evidence found on Nguyen's phone and evidence found at Nguyen's residence . . . pursuant to [several additional warrants]."

//
//
//
//

---

[5] Docket 43-3 (Warrant Transcript) at 5.

[6] Docket 43-3 (Warrant Transcript) at 7-8.

[7] Docket 43-2 (Warrant and Application) at 1.

3:14-cr-00063-SLG-DMS, *United States v. Nguyen*
Order re Motion to Suppress
Page 4 of 11

**DISCUSSION**

Nguyen raises several arguments in his filings. First, he maintains that there was no probable cause for the search warrant issued by Magistrate Judge Teaford.[8] He argues that much of the information included in the affidavit and statements to the magistrate judge was stale and should not be considered in evaluating whether there was probable cause. And he asserts that the remaining information Wicke received from Roach and relayed to the officers was insufficient to support a probable cause finding and unsupported by any personal observation by the officers, who lost track of Roach for a portion of the time between Roach's visit to the Dutch Harbor Asia Store and his meeting with Wicke to deliver the drugs. Second, Nguyen asserts that the officers' initial seizure of the store and the subsequent search of Nguyen were unlawful without a search warrant because there were no exigent circumstances such that any resulting information should be excluded from the probable cause analysis in the search warrant application. Nguyen also argues that after the officers' initial pat-down, he was in custody because he was not free to leave the store such that all the statements he made at the store should be suppressed because he was not given any *Miranda* warnings at that time. Finally, Nguyen maintains that the phone call made by the police to Nguyen's phone was a constitutionally impermissible warrantless search.[9]

---

[8] Nguyen's prior counsel had argued that Alaska law, rather than federal precedent, should be applied to the suppression issues raised in his motion. Docket 44 (Mot.) at 10-15. Nguyen's current counsel withdrew that argument at the January 29 hearing.

[9] In his briefing, Nguyen had argued that Magistrate Judge Teaford's failure to administer an oath to Officer Honan during the follow-up phone call to the warrant application should result in the exclusion of all evidence obtained from the May 24 warrant and all subsequent warrants. Docket 44 (Mot.). Nguyen waived that issue at the end of the hearing.

3:14-cr-00063-SLG-DMS, *United States v. Nguyen*
Order re Motion to Suppress
Page 5 of 11

In the Supplemental Memorandum in Support of Motion to Suppress filed by Nguyen's current counsel, Nguyen argues that Officer Honan made inaccurate statements during his call with the magistrate judge when the officer stated that there had been a search of the Dutch Harbor Asia Store in 2005 and that he believed Nguyen was arrested for possession of cocaine around the same time.[10] Nguyen also notes that the magistrate judge was not informed of the two more recent failed attempts to execute controlled buys from Mr. Nguyen and his wife at the store.[11] Nguyen's reply also specifically requested a *Franks* hearing.[12]

The Government's opposition argues that the warrantless seizure of the store and the detention of Nguyen were permitted by exigent circumstances, specifically concerns about the destruction of evidence. The Government concedes that the background information provided in the affidavit and statements to the magistrate judge was stale and should not be considered by this Court.[13] Accordingly, the stale information will not be considered in the Court's evaluation of probable cause and the Court will do so.[14] But the Government maintains that even after that information is excluded, there was

---

[10] According to the Government, the individual known as "Minh" not Nguyen, was arrested for cocaine possession in 2005. Docket 82 (Opp'n) at 4-5.

[11] Docket 80 (Supp. Mot.).

[12] Docket 85 (Reply) at 1. *See Franks v. Delaware*, 438 U.S. 155-56 (1978). No *Franks* hearing is necessary here because any misimpressions Officer Honan was under or conveyed to the magistrate judge were related to the background information and accordingly were not considered in this Court's evaluation of probable cause.

[13] Docket 82 (Opp'n).

[14] Docket 44 (Mot.) at 20.

3:14-cr-00063-SLG-DMS, *United States v. Nguyen*
Order re Motion to Suppress
Page 6 of 11

sufficient evidence to find probable cause for the issuance of the search warrant for the store premises.

I.   **The Government's Warrantless Seizure of the Store**

Police may secure a location temporarily without a warrant when exigent circumstances exist.  "Exigent circumstances are present when a reasonable person would believe that . . . entry was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts."[15]  But even when exigent circumstances exist, officers must still have probable cause to support the seizure of a premises without a warrant.[16]

Here, the officers had the right to enter a store that was open to the public.  They also testified that they were concerned that evidence in the store could be destroyed if they did not seize the store while seeking a search warrant.  The Government's opposition asserts that "Nguyen could have fled, flushed the cocaine on his person down the toilet, hidden or destroyed the Roach buy money and prepackaged heroin, meth and cocaine then in the store, and then gone to his residence and hidden or destroyed the pound quantities of those drugs cached in his bedroom and crawlspace."[17]  The Court finds that

---

[15] *United States v. Alaimalo*, 313 F.3d 1188, 1192-93 (9th Cir. 2002) (internal citations and quotation marks omitted).

[16] *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 352-53 (1977) (Fourth Amendment protections apply to business premises); *United States v. Pantoja-Soto*, 739 F.2d 1520 (11th Cir. 1984) (Fourth Amendment requires that probable cause and exigent circumstances both exist to uphold warrantless search or seizure).

[17] Docket 82 (Opp'n) at 9-10.

3:14-cr-00063-SLG-DMS, *United States v. Nguyen*
Order re Motion to Suppress
Page 7 of 11

concern about the destruction of illegal drugs at the store was an exigent circumstance sufficient to permit the seizure of the store while the officers sought a search warrant of those premises.[18] And probable cause to support the seizure of the premises existed that illegal drug activity had occurred in the store based upon the information obtained from Wicke and the officers' observations that day.[19]

**II.     Nguyen's Initial Detention and the Phone Call to Nguyen's Cell Phone**

The Court finds that the officers' initial detention of Nguyen in the store was a constitutionally permissible investigatory stop under the Supreme Court's holding in *Terry v. Ohio.*[20] The Court further finds that directing Nguyen to place his cell phone on the counter at that time was constitutionally permissible in light of concerns for officer safety and in order to preserve evidence.

With respect to the call to Nguyen's cell phone, the Fourth Circuit considered a similar situation in *United States v. Lawing*. In *Lawing*, officers stopped defendant Lawing's car with reasonable suspicion that he was a cocaine dealer known as "Drew" to their confidential informant. Because Lawing's driver's license did not match that name, an officer dialed the phone number they had obtained for Drew from their informant to determine whether Lawing's cell phone would ring, which it did. The Fourth Circuit found

---

[18] *See Alaimalo*, 313 F.3d at 1192-93 (distinguishing between entering a home to *secure* rather than *search* the premises and holding that officers may enter a location to secure it while awaiting a warrant).

[19] *See id.* at 1193 ("Probable cause requires only a fair probability or substantial chance of criminal activity, and we determine the existence of probable cause by looking at the totality of the circumstances known to the officers at the time." (Internal citations and quotation marks omitted.)).

[20] 392 U.S. 1 (1968).

3:14-cr-00063-SLG-DMS, *United States v. Nguyen*
Order re Motion to Suppress
Page 8 of 11

that the detective "did not seize Lawing's cell phone to gain information from within the phone and possessed it for no other purpose than confirming Lawing's identity as Drew."[21] Here, likewise, there was no seizure of any data within Nguyen's phone and the phone itself was at the premises where there was probable cause to believe that a drug deal had just recently taken place. Accordingly, the fact that Nguyen's phone rang when Sergeant Sims called the number obtained from Wicke's phone will not be suppressed.

### III. Post-Phone Call Detention of Nguyen

While the detention of Nguyen prior to the phone call was an investigatory stop, the Court finds that at some point shortly thereafter, Nguyen's continuing detention became custodial. Officer Wood testified at the hearing that his understanding from his supervisor was that nothing could leave the store and, in his report, written two weeks after May 24, he wrote that officers were given instructions to let no one enter or leave the store. It appears likely from the circumstances that Nguyen's understanding as well was that he was not free to leave the store.[22] There is no dispute that Nguyen was not given *Miranda* rights at any time while at the store. Accordingly, the Court will grant Nguyen's motion to suppress as to any evidence obtained from Nguyen's person at the

---

[21] 703 F.3d 229 (4th Cir. 2012).

[22] *See U.S. v. Edwards*, 761 F.3d 977, 981 (9th Cir. 2014) (stating that in determining whether an investigative stop has become an arrest the Court looks at whether a reasonable innocent person in the same circumstances would have felt free to leave after brief questioning and the justification for the officers' use of the actions taken). *See also United States v. Chan-Jimenez*, which held that "[w]hen a law enforcement official retains control of a person's identification papers . . . longer than necessary to ascertain that everything is in order, and initiates further inquiry while holding on to the needed papers, a reasonable person would not feel free to depart." 125 F.3d 1324, 1326 (9th Cir. 1997). In today's society much of an individual's life can be organized and stored on his or her mobile phone and the retention of that phone can similarly restrict a person's freedom to leave.

3:14-cr-00063-SLG-DMS, *United States v. Nguyen*
Order re Motion to Suppress
Page 9 of 11

store (i.e. the drugs in his pocket), and all statements made by Nguyen at the store after the officers confirmed that his phone number was the one called by Roach will be suppressed.

## IV. Probable Cause for the Search Warrant

In determining whether probable cause existed, a court looks at whether "based on common sense considerations, there was a fair probability that contraband or evidence of a crime would be found in a particular place. The magistrate judge need not determine that the evidence is more likely than not to be found where the search takes place. The magistrate need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit."[23]

Here, the officers listened to the phone call between Wicke and Roach pursuant to the *Glass* warrant. Officer Honan swore in his affidavit that officers observed Wicke meet with Roach and give Roach the pre-recorded money to buy drugs. In his call with the magistrate judge, Officer Honan stated that Wicke had told the police that, based on Wicke's prior dealings with Roach, Roach would obtain the drugs from the Dutch Harbor Asia Store. The affidavit states that officers saw Roach leave Wicke heading in the direction of the Dutch Harbor Asia Store and enter and leave the store. Officer Honan further stated that Roach then provided Wicke with heroin. Officer Honan told the magistrate judge that Roach was not carrying anything when he went into the Dutch Harbor Asia Store and was carrying "what looked like a white plastic (indiscernible)

---

[23] *U.S. v. Ruiz,* 758 F.3d 1144, 1148 (9th Cir. 2014) (internal citations and quotation marks omitted).

3:14-cr-00063-SLG-DMS, *United States v. Nguyen*
Order re Motion to Suppress
Page 10 of 11

shopping bag" when he left."[24] Officer Honan also explained that the officers had confirmed that Roach had used Wicke's phone to call Nguyen by dialing the number when they were with Nguyen. While it is also possible that Roach could have acquired the heroin after he left the Dutch Harbor Asia Store and particularly when the officers lost surveillance of him, there was at least the requisite fair probability that Roach acquired the drugs at the store. Based on the foregoing, the Court finds that Officer Honan, through his affidavit and statement to Magistrate Judge Teaford, provided sufficient evidence to support a finding of probable cause to issue the search warrant for the Asia Store premises, after the stale information and the evidence suppressed in Part III above is excluded from consideration.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Defendant Tam Van Nguyen's Motion to Suppress and Exclude Evidence at Trial is GRANTED to the extent that any evidence obtained from Nguyen's person or statements made by him at the Dutch Harbor Asia Store after the officers verified Nguyen's cell phone number is suppressed. The motion is otherwise DENIED. To the extent that Nguyen maintains any additional evidence should be suppressed based on this ruling, it is incumbent upon him to file a separate motion.[25]

DATED this 18th day of February, 2015, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
United States District Judge

---

[24] Docket 43-3 (Warrant Transcript) at 4.

[25] *See* Docket 44 (Mot.) at 36 (seeking additionally to suppress all evidence obtained from warrants based on evidence obtained under the warrant discussed here).

3:14-cr-00063-SLG-DMS, *United States v. Nguyen*
Order re Motion to Suppress
Page 11 of 11